**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter   **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Heritage Coal & Natural Resources, LLC | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-1998326 | |
| 4. | **Debtor's address** | **Principal place of business** **1117 Shaw Mine Road** **Meyersdale, PA 15552** Number, Street, City, State & ZIP Code **Somerset** County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.heritagecoal.com/ | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor  **Heritage Coal & Natural Resources, LLC**  Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **2121**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor **Heritage Coal & Natural Resources, LLC**　　　　Case number (*if known*)　_____
　　　　Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **KTRV LLC** | Relationship | **Affiliate** |
| District | **Delaware** | When | Case number, if known |

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
　　　Contact name _____
　　　Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49　　　　　　☐ 1,000-5,000　　　　　☐ 25,001-50,000
☐ 50-99　　　　　　☐ 5001-10,000　　　　　☐ 50,001-100,000
■ 100-199　　　　　☐ 10,001-25,000　　　　☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000　　　　　　　☐ $1,000,001 - $10 million　　　　☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000　　　　 ☐ $10,000,001 - $50 million　　　 ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000　　　　☐ $50,000,001 - $100 million　　　☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million　　　■ $100,000,001 - $500 million　　☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000　　　　　　　☐ $1,000,001 - $10 million　　　　☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000　　　　 ☐ $10,000,001 - $50 million　　　 ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000　　　　☐ $50,000,001 - $100 million　　　☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million　　　■ $100,000,001 - $500 million　　☐ More than $50 billion

Debtor  **Heritage Coal & Natural Resources, LLC**                     Case number (*if known*) _____
　　　　　Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **March 30, 2025**
　　　　　　　MM / DD / YYYY

**X** **/s/ Brian Ryniker**　　　　　　　　　　　　　　　　**Brian Ryniker**
Signature of authorized representative of debtor　　　　Printed name

Title  **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** **/s/ Jeffrey R. Waxman**　　　　　　　　　　　　Date  **March 30, 2025**
Signature of attorney for debtor　　　　　　　　　　　　　MM / DD / YYYY

**Jeffrey R. Waxman**
Printed name

**Morris James LLP**
Firm name

**500 Delaware Avenue**
**Suite 1500**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-888-6800**　　Email address  **jwaxman@morrisjames.com**

**4159 DE**
Bar number and State

---

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS OF HERITAGE COAL & NATURAL RESOURCES, LLC

March 28, 2025

The undersigned, constituting the board (the "**Board**") of managers (collectively, the "**Managers**") of Heritage Coal & Natural Resources, LLC, a Pennsylvania limited liability company (the "**Company**"), having conducted a meeting of the Board on March 28, 2025, hereby approve and adopt the following resolutions as of the date first written above by unanimous written consent.

**WHEREAS**, the Board considered the financial and operational conditions of the Company;

**WHEREAS**, the Board reviewed, considered and received the recommendation and the advice of the professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the Board contemplates entering, with a certain affiliate, into certain financing in connection with a restructuring or sale of the Company's business and assets under the Bankruptcy Code;

**WHEREAS**, the Board previously approved the retention of RKC, LLC d/b/a RK | Consultants LLC ("**RKC**") as advisors to the Company, including the retention of Brian Ryniker ("**Mr. Ryniker**") to act as chief restructuring officer (CRO);

**WHEREAS**, the Board met on March 14, 2025, to discuss the process for the approval of divestiture of Company assets where the Managers or their representatives have an interest in the underlying transactions, whether by interest in the assets or a guaranty of related liabilities, and the Board subsequently determined that it is desirable and in the best interests of the Company to delegate all of the Board's authority to Mr. Ryniker with respect to transactions in which the Managers have a personal interest;

**WHEREAS**, on March 14, 2025, the Board executed a written consent delegating all of the Board's authority to Mr. Ryniker with respect to transactions in which the Managers have a personal interest;

**WHEREAS**, at the Board's request, counsel for the Company attended the Board meeting during which, the managers had the opportunity to ask questions with respect to the approval process, and the Managers availed themselves of that opportunity.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to them and the recommendations and the advice of the Company's professionals and advisors, the Managers have each determined each in their business judgment that it is in the best interest of the Company, its creditors, interest holders, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of the

17247450/1

Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Petition**"), and the filing of such Petition be, and hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that David Tradburks ("**Mr. Tradburks**") and Mr. Ryniker are hereby appointed as authorized signatories and representatives in connection with the bankruptcy proceeding authorized herein (collectively, the "**Authorized Representatives**"); and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify the Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Representatives shall determine; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use cash collateral according to the terms negotiated and approved by the Authorized Representatives, including under one or more debtor-in-possession credit facilities; and to pledge and grant liens on the Company's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is

**FURTHER RESOLVED,** that the Authorized Representatives, and each of them, with full authority to act, hereby is, authorized and directed to work with the Company's advisors to effectuate a sale of substantially all of the Company's assets or restructuring under the Bankruptcy Code; and to file all necessary motions and papers in the United States Bankruptcy Court for the District of Delaware to obtain approval of such sale or restructuring, according to the terms negotiated and approved by the Authorized Representatives; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Representatives, be, and each hereby is, authorized and empowered to cause the Company to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such officer shall be necessary, proper, and desirable to prosecute to a successful completion the Company's chapter 11 case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to negotiate, execute, verify and file, or cause to be executed, verified, and filed (or direct others to do so on their behalf, as provided herein) all necessary documents, including, without limitation,

all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all action which such Authorized Representative deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that notwithstanding the foregoing, Mr. Ryniker shall remain the Authorized Person with exclusive authority to consider and approve or disapprove any transactions in which the Managers have a personal interest, including any transaction with Bedrock Industries Investco 1 LLC (each, a "**Potentially Interested Transaction**");

**FURTHER RESOLVED,** that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ the law firm of Morris James LLP ("**Morris James**") as bankruptcy counsel to assist the Company in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application for authority to retain Morris James as the Company's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ RKC to assist the Company in its restructuring and cases under chapter 11 of the Bankruptcy Code and related matters, and to serve at the discretion of the Authorized Representatives, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application or applications for authority to retain a chief restructuring officer and financial advisors as the Company's chief restructuring officer, financial advisors and investment bankers; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ Stretto, Inc. ("**Stretto**") as the claims, noticing and solicitation agent to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, and to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application for authority to retain the services of Stretto; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain and employ any other professionals or consultants to the Company as are deemed necessary to represent and assist it in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to, and immediately upon and after the filing of the bankruptcy cases, and to execute and  cause to be filed an application for authority to retain the services of such firms; and it is

**FURTHER RESOLVED** that, other than a Potentially Interested Transaction which shall be subject to the exclusive authority of Mr. Ryniker, the Authorized Representatives are, and each

3

of them hereby is, authorized, directed, and empowered for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and it is

**FURTHER RESOLVED** that, other than a Potentially Interested Transaction which shall be subject to the exclusive authority of Mr. Ryniker, the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and when necessary or appropriate, file or cause to be filed with the appropriate governmental authorities or otherwise, all such further agreements, documents, reports, certificates, and undertakings and any amendments, supplements, or modifications thereto; and to incur and to pay all such fees and expenses and to engage such persons as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers, or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Persons, the Company, the Authorized Representatives, or any officer or other duly authorized agent acting by or under the direction of the Authorized Persons, in connection with the bankruptcy case, including, without limitation, obtaining financing or obtaining authorization to use cash collateral pursuant to a budget, or any further action to seek relief on behalf of the Company under the Bankruptcy Code, or in connection with the bankruptcy case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that any and all past actions taken and decisions made heretofore by the Managers in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects, and further, to the extent necessary and appropriate, any and all past actions and decisions made by Mr. Ryniker in connection with a Potentially Interested Transaction, hereby are, ratified, confirmed, and approved in all respects; and it is

**IN WITNESS WHEREOF**, the undersigned, constituting the Managers, hereby consent to and approve and adopt these resolutions as of the date set forth above and direct that this Written Consent be filed with the Company's minutes and official records.

5

17247450/1

        **HERITAGE COAL & NATURAL RESOURCES, LLC**

KTRV, LLC, its sole Member

By: /s/ David Tradburks

Name: David Tradburks

Title: Manager

KTRV, LLC, its sole Member

By: /s/ Jordan Kestenbaum

Name: Jordan Kestenbaum

Title: Manager

6

17247450/1

Fill in this information to identify the case:
Debtor name  **KTRV LLC**
United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Cleveland Brothers Equip. Co.** PO Box 417094 Boston, MA 02241-7094 | | | | | | $318,872.24 |
| **Wampum Hardware Co.** 636 Paden Road New Galilee, PA 16141 | | | | | | $281,615.65 |
| **Glassmere** PO Box 187 Curtisville, PA 15032 | | | | | | $203,911.33 |
| **Green Acres Contracting Co. Inc.** PO Box 463 Scottdale, PA 15683 | | | | | | $179,790.00 |
| **Bill Miller Equipment Sales, Inc.** PO Box 112 Eckhart Mines, MD 21528 | | | | | | $168,550.00 |
| **Good Tire Service, Inc.** 13616 State Route 422 Kittanning, PA 16201 | | | | | | $141,453.26 |
| **Allegany Coal and Land Company** 17 Depot Street PO Box 410 Frostburg, MD 21532 | | Lease | Contingent Unliquidated Disputed | | | $130,081.07 |

Debtor  **KTRV LLC**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Chemstream, Inc.** 511 Railroad Ave Homer City, PA 15748 | | | | | | $70,831.43 |
| **Beechwood Coal LLC** 19709 Winner's View Terrace Frostburg, MD 21532 | | Lease | Contingent Unliquidated Disputed | | | $66,509.58 |
| **Eco Solution Distributing LLC** 2275 Swallowhill Rd Pittsburgh, PA 15220 | | | | | | $53,454.89 |
| **J&D Explosives, Inc.** 198 Industrial Park Road Meyersdale, PA 15552 | | | | | | $50,074.02 |
| **Shaw Big Vein Coal Company** 1063 Rockdale Road Rockwood, PA 15557 | | Lease | Contingent Unliquidated Disputed | | | $48,377.20 |
| **Strassburger McKenna Gutnick & Gefsky** Four Gateway Center, Suite 2200 444 Liberty Avenue Pittsburgh, PA 15222 | | | | | | $43,497.09 |
| **Timbercat Enterprises, LLC** 2160 Pigs Ear Road Grantsville, PA 21536 | | | | | | $40,447.98 |
| **Here to Help LLC** 166 Pattison Ave Bloomington, MD 21523 | | | | | | $37,674.40 |
| **Javelin Global Commodities (UK) Ltd** 27 Eccleston Place London, SW1W 9NF, United Kingdom | | | Contingent Unliquidated Disputed | | | $0.00 |

Debtor **KTRV LLC**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Appalachian Timber Products, Inc. et al c/o Andrew J. Leger, Jr., Esquire Law Office of Andrew J Leger Jr. 310 Grant St #2630 Pittsburgh, PA 15219** | | **Litigation** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Banshee Industries, LLC 338 Industrial Park Rd Meyersdale, PA 15552** | | | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Heritage Holding Co., LLC 550 Beagle Road Rockwood, PA 15557** | | | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Robindale Coal Sales LLC c/o Jeffrey D. Monzo, Esquire Quatrini Law Group 550 East Pittsburgh Street Greensburg, PA 15601-2674** | | **Litigation** | **Contingent Unliquidated Disputed** | | | $0.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 3

17255548/1

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Heritage Coal & Natural Resources, LLC |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **March 30, 2025**      X **/s/ Brian Ryniker**
                                                        Signature of individual signing on behalf of debtor

**Brian Ryniker**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

# United States Bankruptcy Court
## District of Delaware

In re: **Heritage Coal & Natural Resources, LLC**
Debtor(s)

Case No.
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **KTRV LLC** | | | **100% Membership Interest** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **March 30, 2025**

Signature **/s/ Brian Ryniker**
**Brian Ryniker**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## District of Delaware

In re: **Heritage Coal & Natural Resources, LLC**
Debtor(s)

Case No.
Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Heritage Coal & Natural Resources, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**KTRV LLC**

☐ None [*Check if applicable*]

**March 30, 2025**
Date

/s/ Jeffrey R. Waxman
**Jeffrey R. Waxman**
Signature of Attorney or Litigant
Counsel for **Heritage Coal & Natural Resources, LLC**
**Morris James LLP**
**500 Delaware Avenue**
**Suite 1500**
**Wilmington, DE 19801**
**302-888-6800 Fax:302-571-1750**
**jwaxman@morrisjames.com**